IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DWIGHT SUTTON,                       *
      Plaintiff,

                         *

  v.                                   CIVIL ACTION NO.
                         *                 CCB-05-1668

ROXBURY CORRECTIONAL
  INSTITUTION, et al.,              *
      Defendants.

                    ******

## MEMORANDUM

On June 20, 2005, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. §1983, seeking money damages.[1]  Counsel for defendants has filed a dispositive motion (*see* Paper No. 17), which shall be treated as a Motion for Summary Judgment.   Plaintiff  has filed a response.[2] (Paper

---

[1]Plaintiff's vision is impaired.  Accordingly, the font of this memorandum and the following order are enlarged to assist plaintiff.

[2]Plaintiff has also requested the appointment of counsel within correspondence he has filed with the court.  Paper No. 24.  The request shall be denied.  A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances.  *See Cook v. Bounds*, 518 F.2d 779, 779 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982).  The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *Whisenant v. Yuam*,

No. 22).   No hearing is needed to resolve the question as to whether

plaintiff is entitled to relief in this case.  *See* Local Rule 105.6 (D. Md.

2004).

## 1. Factual Background

Plaintiff states that he is improperly held on disciplinary segregation

at the Roxbury Correctional Institution.  Paper No. 1.  He also claims that

his property was improperly confiscated by prison officials.  *Id.*

The uncontroverted records reveal that plaintiff is housed on

administrative segregation in the Special Housing Unit of Roxbury

Correctional Institution.  Paper No. 17, Ex. 1. The Special Housing Unit

houses both administrative and disciplinary segregation inmates in close

proximity to each other.   In May of 2005, following a security audit of the

Special Housing Unit, it was determined that there was an excess of inmate

property.  Due to security concerns it was determined that administrative

segregation inmates would be limited to the same allowable property as

---

739 F.2d 160, 163 (4th Cir. 1984).  The court finds from its review of
the complaint that plaintiff, despite his impaired vision, is able to
adequately articulate the facts and grounds for relief in the instant matter
without notable difficulty.  Furthermore, the court concludes that
plaintiff's complaint is not of undue complexity.

disciplinary segregation inmates to prevent disciplinary segregation inmates from acquiring property that is disallowed to them from administrative segregation inmates. *Id.*, Ex. 1. The property removed from plaintiff was inventoried and stored. Upon plaintiff's reclassification to general population, out of administrative segregation, the property will be returned to him. *Id.*

## 2.Standard of review

A genuine issue of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). In making this determination, the evidence of the party opposing summary judgment is to be believed and all justifiable inferences drawn in his favor. *See Halperin v. Abacus Tech. Corp.*,128 F.3d 191, 196 (4th Cir. 1997) (*citing Anderson,* 477 U.S. at 255). The non-moving party may not rest upon mere allegations or denials in his pleading, however, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 248; *Allstate Fin. Corp. v. Financorp, Inc.*, 934 F.2d 55, 58 (4th Cir. 1991). The "mere

existence of a scintilla of evidence in support of...plaintiff's position" is not enough to defeat a defendant's summary judgment motion. *Anderson*, 477 U.S. at 252.

## A.    Eleventh Amendment

Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *Penhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in State courts, *see* Md. State Gov't Code Ann., § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. Thus plaintiff's complaint against the State of Maryland, Division of Corrections, and Roxbury Correctional Institution, the state and its agencies, is barred by the Eleventh Amendment.

## B.    Property Claim

In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation

remedy.  *Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986).  Maryland's Tort Claims Act and Inmate Grievance Office provide such a remedy.  *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982). Moreover, the court has been advised that plaintiff's property has been inventoried and stored, not lost or destroyed, and will be returned to him upon his removal from administrative segregation.

**C.   Equal Protection**

To the extent that plaintiff's complaint can be construed as alleging a violation of his right to equal protection, his claim also fails.  While the equal protection principles embodied in the Due Process Clause of the Fifth Amendment essentially direct "that all persons similarly situated should be treated alike," *Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985), where as here, no suspect class or fundamental right is implicated, the government may avoid violating equal protection principles if it can demonstrate that its reasons for treating an individual differently bear some rational relationship to a legitimate state purpose. *See Schweiker v. Wilson*, 450 U.S. 221, 230 (1981); *Moss v. Clark*, 886 F.

2d 686, 690 (4th Cir. 1989). Plaintiff has failed to allege, much less demonstrate, that he is being treated differently than other inmates housed on administrative segregation. As such, his equal protection claim fails.

## D.   Administrative Segregation

Segregation is not per se cruel and unusual punishment. *Allgood v. Morris*, 724 F.2d 1098, 1101 (4th Cir. 1984) (segregated protective custody); *Ross v. Reed*, 719 F.2d 689, 697 (4th Cir. 1983) (administrative segregation). The analysis to be applied is whether a constitutionally protected liberty interest is at stake, and if so, what due process protections are required. *See Wolff v. McDonnell*, 418 U. S. 539 (1974).

Under the Supreme Court's pronouncement in *Sandin v. Conner*, 515 U.S. 472 (1995), the Court refocused attention on the nature of the deprivation alleged, stating that a liberty interest may be created when state action imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. Thus, the reasoning of the Court in *Sandin* requires that the due process inquiry focus on the nature of the deprivation alleged and not on the language of particular prison regulations. *Id.* Following the reasoning of the Supreme

Court in *Sandin*, no liberty interest is implicated in placement on administrative segregation. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997); *Reffitt v. Nixon*, 917 F. Supp. 409, 413 (E.D. Va. 1996). The language of *Hewitt* makes clear that it is not "atypical" for inmates to be placed on administrative segregation for any number of reasons. *Hewitt*, 459 U.S. 460, 468 (1983). While plaintiff complains that he is not permitted to retain the same amount of property as other inmates, and alleges in correspondence to the court that his commissary is also restricted as a segregation inmate, these claims do not demonstrate that the conditions of segregation are significantly more onerous than those of general population. *See Beverati,* 120 F.3d at 504 (conditions of administrative segregation at Maryland Penitentiary); *Knox v. Lanham*, 895 F. Supp. 750, 758-59 (D. Md. 1995) (administrative segregation at Eastern Correctional Institution). Thus, plaintiff's placement and retention on administrative segregation does not amount to a violation of a constitutionally protected rights.

## 3. Conclusion

Given the foregoing, defendants are entitled to summary judgment in this case. A separate Order shall be entered in accordance with this memorandum.


   January 26, 2006                           /s/
        Date                          Catherine C. Blake
                                  United States District Judge